IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBBIE ROBINSON,          :
    Plaintiff,          :
                              :
    v.          :        Case No. 2:19-cv-4667-JDW
                              :
TAMMY FERGUSON, *et al.*,          :
    Defendants.          :

## MEMORANDUM

Plaintiff Robbie Robinson filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations related to the loss of his property during his transfer from SCI Graterford to SCI Fayette. Mr. Robinson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Robinson leave to proceed *in forma pauperis*. However, the Court will dismiss his Complaint without prejudice.

**I.    FACTS**

    **A.    The Alleged Theft Of Mr. Robinson's Property**

On April 27, 2018, Mr. Robinson pled guilty to criminal charges in the Pennsylvania Court of Common Pleas for Chester County. Mr. Robinson pled guilty pursuant to a plea agreement that would, among other things, enroll him in Pennsylvania's Recidivism Risk Reduction Incentive ("RRRI") program and have him housed close to his family. Mr. Robinson was initially housed either at SCI Graterford or SCI Phoenix. His complaint references both. (*Compare* ECF No. 1 at § II.D., ¶¶ 3, 4 *with id.* at §§ IV.A., IV.E.) While there, he learned that he was not enrolled in the RRRI program and he was going to be transferred to SCI Fayette.

Mr. Robinson prepared, but had not yet filed, a *pro se* petition for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541. On July 24,

1

2018, before Mr. Robinson was able to copy and mail his PCRA petition, he was removed from his cell without his legal and personal property and taken to the Restricted Housing Unit ("RHU") pending his transfer. He asked about his property and was told that Sgt. Curran, Officer Rogers and the property room staff were going to process the property and bring the paper work to the RHU. No one came, however. Instead, Sgt. Curran relayed to Mr. Robinson that Mr. Robinson would not get any of his property if anyone asked about Mr. Robinson's property again.

Mr. Robinson was transferred on July 26, 2018 without his property, including the apparently as yet unfiled post-conviction petition and certain transcripts. Mr. Robinson filed a grievance with the Superintendent, Defendant Tammy Ferguson. Superintendent Ferguson confirmed that Robinson's property was lost and informed Mr. Robinson that, notwithstanding the loss, his request to be reimbursed was not reasonable. Mr. Robinson asserts that Superintendent Ferguson was deliberately indifferent to his First and Fourteenth Amendment rights and condoned the disregard of policies regarding prisoner property by Sgt. Curran and Officer Rogers.

**B.  Mr. Robinson's PCRA Petition**

Mr. Robinson ultimately filed a *pro se* PCRA petition in order avoid being time barred. The publicly-available docket demonstrates that Mr. Robinson filed his post-conviction petition along with a Memorandum of Law on April 12, 2019. On May 13, 2019, Robinson filed a Petition for Immediate Release Due to Government Interference. That Petition was denied by order entered on May 22, 2019, and Robinson filed a *pro se* notice of appeal on June 7, 2019. In the Court of Common Pleas, counsel was appointed to represent Mr. Robinson. However, on August 28, 2019, his appointed counsel filed a letter pursuant to *Commonwealth v. Finely*, 550

A.2d 213 (Pa. Super. Ct. 1988), asserting that Mr. Robinson had no viable post-conviction claim. Mr. Robinson alleges that his appointed counsel filed the *Finely* letter because Mr. Robinson could not support his claim as a result of the missing property. Mr. Robinson responded to the *Finely* letter on September 18, 2019.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the Court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Securities and Exchange Comm'n v. Gentile*, 939 F.3d 549, 552 n.1 (3d Cir. 2019). Moreover, because Mr. Robinson is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Robinson provided information demonstrating that he lacks the income or assets to pay the required filing fees. (ECF Nos. 4, 5.) Therefore, the Court will grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims In The Complaint

Mr. Robinson claims that the Defendants violated his First and Fourteenth Amendment rights to access to the courts. The way to assert a constitutional claim in federal court is via 42

3

U.S.C. § 1983.  "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  "[T]he underlying cause of action . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Mr. Robinson cannot state a plausible claim for denial of access to the courts at this time.  Indeed, the record establishes that Mr. Robinson has filed a petition under the PCRA, and that petition is still pending in the Court of Common Pleas for Chester County.  In addition, Mr. Robinson's appeal of the denial of his petition for immediate release is also still pending.  Although Mr. Robinson claims that his lost property has injured his access to the courts, it remains to be seen what the outcome of the proceedings in the state courts will be.  If, at the conclusion of his state court proceedings, Mr. Robinson can demonstrate that the loss of his property led to the loss of a nonfrivolous or arguable claim in state court, then he can file a new civil action.  For now, however, his claim must be dismissed without prejudice.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**